APPLICATION GRANTED
SO ORDERED _____
VERNON S. BRODERICK
U.S.D.J.   7/26/2021

**McGuireWoods LLP**
1251 Avenue of the Americas
20th Floor
New York, NY 10020-1104
Phone: 212.548.2100
Fax: 212.548.2150
www.mcguirewoods.com

**Katherine A. Garland**
Direct: 212.548.7028

McGUIREWOODS

kgarland@mcguirewoods.com

June 25, 2021

**VIA ECF**

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

Re:     *International Flight Resources, LLC v. Aufiero* (Case No. 1:21-CV-03029-VSB),
        Request for Leave to File Under Seal

Dear Judge Broderick:

The firm represents Defendants Wells Fargo & Co. and Wells Fargo Merchant Services, LLC (collectively, "Wells Fargo") in the above-captioned action. Pursuant to Rule 5(b)(i) and 5(b)(ii) of Your Honor's Individual Rules & Practices in Civil Cases, Wells Fargo submits this letter motion seeking leave to file certain documents under seal. Specifically, Wells Fargo respectfully requests permission to file Exhibit A to Katherine Garland's Declaration in Support of Wells Fargo's Motion to Dismiss under seal (the "Settlement Agreement"), and to redact the highlighted portions of the Memorandum of Law in Support of Wells Fargo's Motion to Dismiss the Complaint (the "Motion to Dismiss"). Wells Fargo has attempted to meet and confer with Plaintiff's counsel pursuant to Rule 5(iii)(a), but has not received a response to date.

The information Wells Fargo seeks to file under seal includes the terms of a Settlement Agreement that is subject to a confidentiality provision (the "Confidentiality Provision"). The Confidentiality Provision obligates Wells Fargo to maintain the confidentiality of the settlement terms and to file the terms under seal. Because the parties expressly conditioned settlement on confidentiality, the Confidentiality Provision should be honored and leave should be granted to file under seal. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143-44 (2d Cir. 2004) (acknowledging that there are valid reasons for maintaining settlement agreement terms conditioned on confidentiality, including "facilitat[ing] settlement," and deeming district court's disclosure of terms to be in error); *Nespresso USA Inc. v. Williams-Sonoma, Inc.*, No. 19-cv-4223(LAP)(KHP), 2021 WL 1812199, (S.D.N.Y. May 6, 2021) ("[T]he parties' mutual interest in maintaining the confidentiality of settlement negotiations outweighs the general public interest in disclosure of the particulars of judicial proceedings"); *Sellick v. Consolidated Edison Co. of New York, Inc.*, No. 15-cv-9082 (RJS), 2017 WL 1133443, at *8 (S.D.N.Y. Mar. 23, 2017) ("The parties' interest in maintaining the confidentiality of their settlement is clearly a countervailing

June 21, 2021
Page 2

interest that may overcome the presumption in favor of open records where, as here, 'the settlement itself was conditioned on confidentiality'"); *Scarangella v. Group Health, Inc.*, No. 05-CV-5298 (RJS), 2016 WL 11696149, at *1-2 (S.D.N.Y. Jun. 8, 2016) (granting motion to seal portions of transcripts that revealed confidential settlement terms).

The Settlement Agreement terms also contain non-public, business information relating to both Parties, including Wells Fargo's debt negotiation and settlement strategy and IFR's finances. Disclosure of this information could interfere with Wells Fargo's efforts to reach favorable settlement terms with other merchant debtors. *Graczyk v. Verizon Comm'n, Inc.*, No. 18 Civ. 6465 (PGG), 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) (granting leave to redact financial terms contained within vendor agreements since "if vendors learned the terms of [defendant's] sourcing agreement with other vendors, [defendant] would suffer a competitive disadvantage in future negotiations with vendors."). Thus, the Parties' interests in protecting the Settlement Terms from disclosure far outweighs the public interest in accessing them and permission to seal should be granted. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (presumption of access may be overcome by "countervailing factors," including "the privacy interests of those resisting disclosure"); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (deeming documents reflecting business strategy to be "highly proprietary" and "appropriate…to remain under seal").

For the foregoing reasons, Wells Fargo respectfully requests that the Court permit Wells Fargo to file the Settlement Agreement under seal and to redact certain Settlement Agreement terms quoted in the Motion to Dismiss.

Respectfully submitted,

*/s/ Katherine A. Garland*

Katherine A. Garland