```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
INTERNATIONAL FLIGHT RESOURCES,                             :
LLC,                                                        :
                                                            :
                            Plaintiff,                      :        21-CV-3029 (VSB)
                                                            :
                 -against-                                  :            ORDER
                                                            :
JOSEPH AUFIERO, WELLS FARGO                                 :
MERCHANT SERVICES, LLC, and WELLS                           :
FARGO & CO.,                                                :
                                                            :
                            Defendant.                      :
                                                            :
------------------------------------------------------------X
```

<u>VERNON S. BRODERICK</u>, United States District Judge:

  Pending in this action are two motions to dismiss Plaintiff's Complaint on the grounds that it fails to state a claim. (Docs. 24, 29.) Plaintiff commenced this action on April 8, 2021 by filing its Complaint asserting causes of action for fraud, breach of contract, unfair competition, and unjust enrichment. (Doc. 1 ("Compl.").) In the Complaint, Plaintiff alleges that I have subject matter jurisdiction through the diversity of citizenship statute, 28 U.S.C. § 1332. (*Id.* ¶ 4.) In support of its assertion that diversity jurisdiction exists, Plaintiff alleges that (1) Plaintiff is a limited liability company organized under Florida law; (2) Defendant Joseph "Aufiero is a resident of [the Southern District of New York];" and (3) Defendant Wells Fargo Merchant Services, LLC is a "division of" Defendant Wells Fargo & Co., which in turn is a "Delaware State corporation." (*Id.* ¶¶ 1–4. *See also id.* ¶ 5 (stating that I also have subject matter jurisdiction under the supplemental jurisdiction statute, 28 U.S.C. § 1367).)

  Federal district courts are courts of limited jurisdiction and must confirm that they have subject matter jurisdiction over matters before them. *See Durant, Nichols, Houston, Hodgson & Cortese–Costa P.C. v. Dupont*, 565 F.3d 56, 62–63 (2d Cir. 2009). "Although neither party has

raised a question as to this Court's jurisdiction . . . 'it is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *Sanders v. New World Design Build, Inc.*, 19-CV-1071 (VSB), 2020 WL 1957371, at *1 n.2 (S.D.N.Y. Apr. 23, 2020) (quoting *United Food & Com. Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994)); Fed. R. Civ. P 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Under the diversity of citizenship statute, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different states." 28 U.S.C. § 1332(a). Corporations are citizens of every state in which they are incorporated and have their principal places of business. *See* § 1332(c); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (a corporation's principal place of business is its "nerve center," meaning its "actual center of direction, control, and coordination"). By contrast, "a limited liability company has the citizenship of its membership" "for purposes of diversity jurisdiction." *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000) (citation omitted); *see also Ocean Units LLC v. Ill. Union Ins. Co.*, 528 F. Supp. 3d 99, 101 (E.D.N.Y. 2021) ("[T]he citizenship of an unincorporated association like a limited liability company is not tied to the state in which it is formed or has its principal place of business; rather, a limited liability company takes the citizenship of each of its members.").

There must be complete diversity of citizenship between all plaintiffs and all defendants. *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014). "Furthermore, it is well established that the party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir.
2

2001) (alteration, citations, and internal quotation marks omitted).

Here, Plaintiff fails to establish my subject matter jurisdiction over this action, as the Complaint does not allege facts demonstrating the full citizenship of any party. Plaintiff pleads that it is a limited liability company, but not the citizenship of its members. (Compl. ¶ 1.) Plaintiff pleads one Defendant's "residenc[e]" as being in this district, (*id.* ¶ 2), but that does not show citizenship. *See, e.g.*, *Winslowet-Alps v. Harris*, 20-CV-5358 (LLS), 2020 WL 4719106, at *2 (S.D.N.Y. Aug. 13, 2020) ("Plaintiff does not plead facts about where any defendant is domiciled, but he lists addresses for himself and one of the defendants in Connecticut."); *Zimak Co. v. Kaplan*, No. 98 CIV. 3176(DAB)NRB, 1999 WL 38256, at *3 (S.D.N.Y. Jan. 28, 1999) ("an averment" of an address "is insufficient for the purpose of establishing defendant's citizenship."). Further, Plaintiff only pleads the state of Defendant Wells Fargo & Co.'s incorporation, not its principal place of business, and Plaintiff pleads no facts concerning Defendant Wells Fargo Merchant Services, LLC's membership. (*See* Compl. ¶ 3.) As such, Plaintiff fails to meet its burden of demonstrating the grounds for complete diversity of citizenship, and I cannot exercise subject matter jurisdiction over this action per the terms of the diversity of citizenship statute. Because I cannot find that I have subject matter jurisdiction over this action, I cannot reach the merits issues raised by Defendants in their Rule 12(b)(6) motions. *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) ("Subject matter jurisdiction is a 'threshold question that must be resolved before proceeding to the merits.'" (alteration marks omitted) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88–89 (1998)).

Accordingly, it is hereby

ORDERED that the Complaint is dismissed. The Clerk of Court is respectfully directed to close the open motions at docket numbers 24 and 29.

IT IS FURTHER ORDERED that within 28 days of entry of this order, Plaintiff may file

an amended complaint that sets forth sufficient allegations to establish subject matter jurisdiction. Along with this amended complaint, Plaintiff must file a letter of no more than three pages that explains how the allegations establish my subject matter jurisdiction.

IT IS FURTHER ORDERED that, within 14 days of when Plaintiff files the aforementioned amended complaint, Defendants may file a letter motion to renew their previously-filed motions to dismiss.

IT IS FURTHER ORDERED that the telephone conference scheduled for Friday, February 25, 2022, is cancelled.

SO ORDERED.

Dated: February 23, 2022
       New York, New York

_____
VERNON S. BRODERICK
United States District Judge